United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Juan Antonio Cueto deLuna  
    Debtor

Case No. 17-13476-pmm  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4    User: Antoinett    Page 1 of 1    Date Rcvd: Jul 24, 2020  
                          Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 26, 2020.  
db         Juan Antonio Cueto deLuna,    42 S Madison St,    Allentown, PA   18102-4655

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                              TOTAL: 0

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                              TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 26, 2020                                             Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 24, 2020 at the address(es) listed below:  
         LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
         LYNN E. FELDMAN    on behalf of Debtor Juan Antonio Cueto deLuna feldmanfiling@rcn.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor    VFS Lending Services VI, LLC bkgroup@kmllawgroup.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    VFS Lending Services VI, LLC bkgroup@kmllawgroup.com  
         SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Juan Antonio Cueto deLuna aka Juan Cueto<br>Debtor(s) | CHAPTER 13 |
| VFS Lending Services VI, LLC<br>Movant<br>vs. | NO. 17-13476 PMM |
| Juan Antonio Cueto deLuna aka Juan Cueto<br>Debtor(s) | |
| Scott Waterman Esq.<br>Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition default as with regards to the Claim held by the Movant on the Debtor's residence is **$6,805.56,** which breaks down as follows:

| | |
|---|---|
| School Real Estate Taxes (as of May 19, 2020): | $3,057.04 for 2018 |
| | $1,593.03 for 2019 |
| County and City Taxes (as of May 12, 2020): | $900.53 for 2018 |
| | $1,254.96 for 2019 |
| **Total Post-Petition Arrears** | **$6,805.56** |

2. On or before July 31, 2020, Debtor shall provide to Movant proof of payment in full of the above property taxes, which are still delinquent, including any additional accrued interest, fees and/or costs.

3. Ongoing, Debtor shall be responsible for maintaining and paying all real property taxes and hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured creditor with proof of payment of real property taxes (or proof of a payment plan for the taxes and compliance therewith) and with proof of valid hazard insurance for the property with secured creditor identified as a loss payee.

4. In the event the payments or proofs under Sections 2 and 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail

to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. Debtor states that all other prior property taxes other than the amounts listed in Section 1 are current. If Movant obtains proof that other property taxes are delinquent, Movant may proceed with the notification of default and Certification of Default procedure described in Section 4.

6. If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 19, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 6/29/2020

Lynn E. Feldman Esq.
Attorney for Debtor(s)

Approved by the Court this __24th__ day of __July__, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Patricia M. Mayer

Date: 7/6/2020

Scott F. Waterman, Esquire
Chapter 13 Trustee